## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

IN RE                                                    )
                                                         )    Case No. 12-01478-TLM
DANNY L. TREVETT, JR.,                                   )
JENNIFER OUSLEY-TREVETT,                                 )
                                                         )    Chapter 13
            Debtors.                                     )
_____ )

### MEMORANDUM OF DECISION
_____

**BACKGROUND AND FACTS**

On June 15, 2012, Danny Trevett, Jr. and Jennifer Ousley-Trevett ("Debtors") filed a voluntary petition for relief under chapter 13 commencing this case.[1] They scheduled Bank of the West ("Creditor") on their schedule D as holding a secured claim of $12,984 based on a "purchase money security [interest]" in a 2008 Fleetwood E-3 pop-up tent. Doc. No. 1 at 17. Because Debtors also listed the value of the collateral as $7,000, their schedule indicated Creditor had an unsecured claim of $5,984.00. Debtors stated an intent to surrender the collateral. They did not indicate Creditor's claims were contingent, unliquidated, or disputed. *Id.*[2] The proposed chapter 13 plan proposes to

---

[1] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11, U.S. Code §§ 101-1532, and all rule citations are to the Federal Rules of Bankruptcy Procedure.

[2] The scheduling has an evidentiary consequence. *See*, *e.g.*, *Jordan v. Kroneberger (In*
(continued...)

MEMORANDUM OF DECISION - 1

surrender the collateral to Creditor. Doc. No. 3 at 6.

A claim bar date of October 21, 2012 was established pursuant to Rule 3002(c). On June 25, 2012, Creditor timely filed its proof of claim. *See* Claim No. 1-1 ("Claim"). The claim was in the amount of $12,838.27 and alleged a secured status as to an estimated $9,330.00 of collateral value. Creditor specifically also stated that the claim was "[t]o be amended upon surrender and sale" of the collateral. *Id.*[3]

On July 26, 2012, Debtors filed an objection to the Claim. Doc. No. 19 ("Objection"). Poorly phrased, the Objection alleges the Claim was "filed in error;" that after surrender of the collateral, Creditor "is not entitled to receive any additional compensation" under "the rules, bankruptcy stay" or the plan; and that after surrender of collateral, Creditor is "not entitled to offset any amount owed by sale proceeds and claim entitlement to the difference; to wit, creditor is *only* entitled to receive its collateral back and not entitled to any additional payments on

---

[2](...continued)
*re Jordan)*, 392 B.R. 428, 444 n.32 (Bankr. D. Idaho 2008) (citing Fed. R. Evid. 801(d)(2)). However, Debtors' objection to Creditor's claim fails without the need for recourse to this ground.

[3] The Claim reflects Creditor's intent to amend the Claim when the precise amount of the deficiency is known. Such an amended claim would relate back to the date of the filing of the initial claim. *See Olympic Coast Inv., Inc. v. Crum (In re Wright)*, 2008 WL 8462954 at *6 n.10 (9th Cir. BAP Nov. 3, 2008). To date, no amended claim for a deficiency has been asserted. Still, the Objection is a presently pending, frontal attack on any ability to amend and assert a deficiency. Thus, it is appropriate to address it at this time rather than waiting for an amendment by Creditor.

MEMORANDUM OF DECISION - 2

said loan." *Id.* at 2.

The Objection was issued on negative notice under local rule, and no response was filed by Creditor. However, when presented with Debtors' proposed order, the Court set the matter for hearing.[4] That hearing was held on October 16, 2012. Debtors' counsel presented argument, and the matter was taken under advisement subject to a brief Debtors were ordered to file within one week of hearing. No such brief has been filed.

## DISCUSSION AND DISPOSITION

The grounds for disallowance of a claim are set forth in § 502(b). As this Court has previously summarized:

> Once a proof of claim is filed, it is prima facie evidence of the claim's validity, Rule 3001(f), and is deemed allowed unless a party in interest objects under § 502. *See Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000). Once an objection is made, a proof of claim is still sufficient absent evidence of its invalidity. *Id.* (citing *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991)). The burden of providing evidence of a proof of claim's invalidity rests with the objector. *Litton Loan Servicing, LP v. Garvida (In re Garvida)*, 347 B.R. 697, 706-07 (9th Cir. BAP 2006). If a debtor produces evidence to rebut the presumption of validity, the burden of

---

[4] The Court has noted a number of times and in various contexts that it has an independent obligation to determine that the relief sought may appropriately be entered, even in the absence of response. *See, e.g.*, *In re Millspaugh*, 302 B.R. 90, 95, 04.1 I.B.C.R. 25 (Bankr. D. Idaho 2003) (reviewing lien stripping procedures in the context of a chapter 13 plan absent objection); *In re Dale's Crane*, 99.1 I.B.C.R. 8 (Bankr. D. Idaho 1999) (noting the duty of the Court to independently examine requested fees, even in the absence of objection) (citing *In re Auto Parts Club*, 211 B.R. 29, 33 (9th Cir. BAP 1997)); *accord United Student Aid Funds, Inc. v. Espinosa*, ___ U.S. ___, 130 S.Ct. 1367, 1377 (2010) (noting in the context of chapter 13 confirmation that bankruptcy courts have the authority, "indeed, the obligation" to ensure the relief requested conforms to the Code's requirements even absent creditor's objection).

MEMORANDUM OF DECISION - 3

persuasion shifts back to the claimant. *Id.*

*In re Holliday*, 11.2 I.B.C.R. 97, 2011 WL 2518845 (Bankr. D. Idaho 2011).

In attempting to construe the Objection, it appears Debtors' argument is that, under applicable law, Creditor cannot be allowed an unsecured deficiency claim after realizing on its collateral. *See* § 502(b)(1). This assertions finds no support in Idaho law.

Idaho Code § 28-9-608 specifically recognizes the right of a secured party to realize on an Article 9 (U.C.C.) security interest and provides that, after application of the proceeds of sale of the collateral, "the obligor is liable for any deficiency." In the contract signed with Creditor, Debtors acknowledge in clear language their liability for any deficiency. That agreement, in describing Creditor's rights to repossess collateral, states:

> "we [Creditor] will sell the vehicle. We will send you [Debtors] a written notice of sale before selling the vehicle. We will apply the money from the sale, less allowed expenses, to the amount you owe. . . . If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. *If money from the sale is not enough to pay the amount you owe, you must pay the rest to us.*"

Claim No. 1-1 at 4 (emphasis added)

Given the agreement and the Idaho statute, Debtors fail in their assertion that, under Idaho law (or for that matter under bankruptcy law, including "stay" or "offset" as referenced in the Objection), a deficiency claim for an Article 9 secured creditor is barred once the collateral is surrendered.

MEMORANDUM OF DECISION - 4

**CONCLUSION**

Debtors have not sustained their burdens under the authorities summarized above. The Objection is not well taken, and will be overruled. The Court will enter an order accordingly.

DATED: October 24, 2012

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 5